# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| ELAINE CUNNINGHAM-DIRKS, *et al*, | 2:12-cv-00590-PMP-VCF |
| Plaintiffs, | **ORDER** |
| vs. | |
| STATE OF NEVADA, *et al*, | **(Motion To Compel Discovery #26)** |
| Defendants. | |

Before the court is plaintiffs Elaine Cunningham-Dirks and Dewey Dirks' Motion To Compel Discovery. (#26). Defendant American Medical Response filed an Opposition to the Motion To Compel. (#31). Defendant State of Nevada filed a Joinder to American Medical Response's Opposition. (#32). Defendant Summerlin Hospital Medical Center, LLC[1] also filed a Joinder to American Medical Response's Opposition. (#34). Plaintiffs filed a Reply in support of their Motion To Compel. (#37). The court held a hearing on November 6, 2012.

A.   **Background**

*Pro se* plaintiffs Cunningham-Dirks and Dirks commenced this action on April 11, 2012 (#1), and filed an amended complaint on July 10, 2012 (#4). Defendant Summerlin Hospital Medical Center, LLC (hereinafter "Summerlin Hospital") filed a motion to dismiss on August 2, 2012. (#8). The discovery plan and scheduling order was due by September 16, 2012. *Id.* Defendant American Medical Response filed a joinder to the motion to dismiss (#8) on August 3, 2012. (#12). On August 6, 2012, defendant State of Nevada filed a motion to dismiss. (#14). On August 7, 2012, American Medical

---

[1]  Defendant Summerlin Hospital Medical Center LLC was erroneously named as Valley Health Systems in the complaint (#1).

Response filed a joinder to the motion to dismiss (#14). (#17).  No discovery plan and scheduling order was filed by the deadline.

On August 17, 2012, plaintiffs filed a motion for hearing on the motion to dismiss (#18) and an opposition to the motion to dismiss (#19).  Defendant State of Nevada filed a response to the motion for hearing on August 24, 2012.  (#20).  On August 27, 2012, defendant Summerlin Hospital filed a reply in support of the motion to dismiss (#21), and on August 29, 2012, defendant American Medical Response filed joinders thereto (#22 and #23).  On September 4, 2012, the Honorable Judge Pro issued a minute order granting the motion for hearing (#18) and scheduling a hearing on the motions to dismiss (#8 and #14) for December 3, 2012.  (#25).

On the same day, plaintiffs filed the instant motion to compel discovery (#26) and a motion for leave of court to amend complaint (#27).  On September 14, 2012, defendant American Medical Response filed an opposition to the motion to compel.  (#31).  On September 18, 2012, the State of Nevada filed a joinder to American Medical Response's opposition.  (#32).  On September 19, 2012, defendant Summerlin Hospital filed a joinder to American Medical Response's opposition.  (#34).  On September 24, 2012, plaintiffs filed a reply in support of their motion to compel.  (#37).  On October 4, 2012, the State of Nevada filed its initial disclosures with the court.  (#39).  On the same day, the court issued minute orders re-scheduling the hearing on the motions to dismiss (#8 and #14) and the motion to amend (#27) for December 10, 2012 (#38), and scheduling a hearing on the motion to compel (#26) for October 26, 2012.  (#40).  The court subsequently re-scheduled the hearing on the motion to compel (#26) for November 6, 2012.  (#47).

On October 22, 2012, plaintiffs filed a proposed discovery plan and scheduling order (#41), providing for a discovery cut-off date of May 15, 2013.  On October 22, 2012, plaintiffs filed their initial disclosures.  (#43).  On October 23, 2012, defendants filed a discovery plan and scheduling order

(#46), providing for a discovery cut-off date of October 15, 2013.  The court held a discovery hearing on November 6, 2012.

### B.     Discussion

As an initial matter, discovery should not be filed with the court, and State of Nevada's initial disclosures (#39) and plaintiffs' initial disclosures (#43) are stricken.  *See* Local Rule 26-8 (stating that "[u]nless otherwise ordered by the Court, written discovery, including responses thereto, and deposition transcripts, shall not be filed with the Court. Originals of responses to written discovery requests shall be served on the party who served the discovery request and that party shall make such originals available at the pretrial hearing, at trial, or on order of the Court. Likewise, the deposing party shall make the original transcript of a deposition available at any pretrial hearing, at trial, or on order of the Court.").

With regard to plaintiffs' motion to compel discovery (#26), the court advises the plaintiffs that under Federal Rule of Civil Procedure 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)..."  The motion to compel (#26) was filed on September 4, 2012, and the parties did not hold their Rule 26(f) conference until October 11, 2012 (#41 and #46).  Pursuant to LR 26-1(d), the Rule 26(f) conference should have been held within thirty (30) days after the motion to dismiss was filed on August 2, 2012 (#8).  The court recognizes that the plaintiffs are proceeding *pro se*, but reminds plaintiffs that they are still required to adhere to the local and federal rules.  *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that *pro se* parties are not excused from following the rules and orders of the court).  Therefore, the motion to compel discovery (#26) is improper and is denied.

This order also reminds defense counsel that although it is plaintiffs' responsibility under LR 26-1(d) to initiate the Rule 26(f) conference, defense counsel are officers of the court, are equally responsible for timely filing the stipulated discovery plan and scheduling order pursuant to LR 26-1(d),

and should have ensured that the Rule 26(f) conference was timely held.  *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S. Ct. 584 (1972)(holding that *pro se* plaintiffs are held to a less stringent standard than those who are represented by counsel).

The court notes that there is a hearing scheduled for December 10, 2012, on the motions to dismiss (#8 and #14) and plaintiffs' motion for leave to amend complaint (#27).  (#38).  Upon a preliminary review of the motions to dismiss (#8 and #14), it came to the court's attention that defendants assert that, in light of the qualified immunity afforded to them, this court does not have subject matter jurisdiction over this matter.  While it is true that the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending, common situations in which a court may determine that staying discovery pending a ruling on a dispositive motion occur when dispositive motions raise issues of jurisdiction, venue, or immunity. *Skellercup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal 1995) (stating that if the Federal Rules contemplated a motion to dismiss under Rule 12(b)(6) would stay discovery, the Rules would contain such a provision, and finding that a stay of discovery is directly at odds with the need for expeditious resolution of litigation); *Twin City Fire Insurance v. Employers of Wasau*, 124 F.R.D 652, 653 (D. Nev. 1989)(holding that common situations where staying discovery is permitted is when the motion to dismiss raises jurisdiction, venue, or immunity); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997)(same).

As the hearing on the motions to dismiss (#8 and #14) and motion to amend (#27) is only a few weeks away (#38), and the motions to dismiss raise issues of immunity and jurisdiction, the court finds that temporarily staying discovery is warranted.  *See Twin City Fire Insurance*, 124 F.R.D at 653; *Turner Broadcasting System, Inc.*, 175 F.R.D. at 556.  Discovery is stayed until January 8, 2013.  If the court denies the motions to dismiss (#8 and #14) and/or permits plaintiffs to amend their complaint, the

parties must meet and confer to agree upon a new discovery plan and scheduling order.  The stipulated discovery plan and scheduling order must be filed no later than January 15, 2013.

Accordingly and for good cause shown,

IT IS ORDERED that plaintiffs Elaine Cunningham-Dirks' and Dewey Dirks' Motion To Compel Discovery (#26) is DENIED.

IT IS FURTHER ORDERED that State of Nevada's initial disclosures (#39) and plaintiffs' initial disclosures (#43) are STRICKEN.

IT IS FURTHER ORDERED that discovery is TEMPORARILY STAYED until January 8, 2013.  If the complaint is not dismissed, the parties must meet and confer to agree upon a new discovery plan and scheduling order.  The parties must file a new stipulated discovery plan and scheduling order no later than January 15, 2013.

DATED this 6th day of November, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE