UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| ELAINE CUNNINGHAM-DIRKS, et al., | ) ) ) | |
| Plaintiffs, | ) ) | 2:12-CV-00590-PMP-VCF |
| v. | ) ) | |
| STATE OF NEVADA, et al., | ) ) | ORDER |
| Defendants. | ) ) ) | |

Presently before the Court is Plaintiffs Dewey Dirks and Elaine Cunningham-Dirks's Motion for Reconsideration of Denial for Extension of Filing (Doc. #71), filed on February 22, 2013. Defendant Summerlin Hospital Medical Center, LLC ("Summerlin Hospital") filed an Opposition (Doc. #72) on February 28, 2013. Plaintiffs filed a Reply (Doc. #73) on March 8, 2013.

On January 3, 2013, the Court entered an Order (Doc. #59) addressing a variety of motions that were pending before the Court. Among the motions was Plaintiffs' Motion for Leave of Court to Amend Complaint (Doc. #27), which was denied with the qualification that Plaintiffs would have thirty days within which to file a second amended complaint correcting the deficiencies noted in the Court's Order. On February 4, 2013, Plaintiffs filed a Motion for Extension of Filing (Doc. #66), asking for an extension of time to file the second amended complaint to enable out-of-state counsel to review the matter. On February 19, 2013, the Court entered an Order (Doc. #68) denying Plaintiffs' Motion for Extension of Filing on the grounds that Plaintiffs failed to provide a cognizable legal basis for their failure to comply with the Court's previous Order (Doc. #59).

Plaintiffs now move for reconsideration of the Court's Order denying their Motion for Extension of Filing, making the same arguments they raised in their original motion: that there was good cause for an extension of time because they retained an out-of-state attorney on January 28, 2013, and he needed time to review their file. Plaintiffs further argue their Motion for Extension of Filing was timely and that it will not result in undue delay of the case. Summerlin Hospital responds that Plaintiffs' Motion for Extension of Filing was untimely, that Plaintiffs did not show their failure to comply with the Court's order was a result of excusable neglect, and that Plaintiffs' Motion for Reconsideration does not set forth any facts or law providing an appropriate basis for reconsideration.

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), the Court may grant an extension of time for "good cause" if the moving party requests the extension before the applicable deadline expires. The Court may accept a late filing when the moving party's failure to meet the deadline was the result of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). It is within the Court's discretion to determine whether to grant an extension of time. Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258 (9th Cir. 2012).

"Reconsideration under [Federal Rule of Civil Procedure] 59(e) is appropriate if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." S.E.C. v. Platforms Wireless Int'l Corp., 617 F.3d 1072, 1100 (9th Cir. 2010) (quotation omitted). Rule 60(b) allows the Court to provide relief from a final judgment on the grounds of, among other things, mistake, inadvertence, surprise or excusable neglect; newly discovered evidence; fraud or misconduct by the defendant, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(3), (6). It is within the Court's discretion whether to grant reconsideration. Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

   Here, Plaintiffs' Motion for Extension of Time was timely under Rule 6(b), however, Plaintiffs failed to demonstrate good cause warranting an extension.  The Plaintiffs already have amended their Complaint once, and the Court gave them an ample opportunity to amend a second time, including detailed, claim-by-claim instructions regarding the facts that Plaintiffs would need to allege to state cognizable claims for relief. (Order (Doc. #59) at 23-26.)  Plaintiffs' difficulty in finding an attorney, while unfortunate, does not explain why they were unable to follow the Court's detailed instructions regarding amendment within the time provided.  Even as of this date, no attorney has made an appearance on behalf of Plaintiffs and no proposed second amended complaint has been filed.  Further, Plaintiffs have not pointed to new evidence, a clear error of law, an intervening change in controlling law, or any other reason that would warrant reconsideration of the Court's previous Order (Doc. #68).  The Court therefore will deny Plaintiffs' Motion for Reconsideration.

   IT IS THEREFORE ORDERED Plaintiffs Dewey Dirks and Elaine Cunningham-Dirk's Motion for Reconsideration of Denial for Extension of Filing (Doc. #71) is hereby DENIED.

DATED: March 19, 2013

_____
PHILIP M. PRO
United States District Judge

3