**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

ELAINE CUNNINGHAM-DIRKS, *et al.*,

    Plaintiff,

vs.

STATE OF NEVADA, *et al*.,

    Defendant.

2:12-cv–0590–PMP–VCF

<u>**ORDER AND**</u>
<u>**REPORT & RECOMMENDATION**</u>

    Before the court is Plaintiff Elaine Cunningham-Dirks' motion for leave to amend her complaint (#89[1]). Defendant Summerlin Hospital filed an opposition (#90). Plaintiffs did not reply.

**BACKGROUND**

    This lawsuit arises out of the involuntary commitment of *pro se* Plaintiff Dewey Dirks, a mentally-ill individual, to a medical facility. (*See* Compl. (#4) at 2). On April 11, 2012, Dirks and his wife, Elaine Cunningham-Dirks, filed suit alleging criminal violations, Health Insurance Portability and Accountability Act ("HIPAA") violations, constitutional and civil rights violations, state law claims for violation of over eighty Nevada statutes related to mental health and medical facilities as well as claims for false imprisonment, negligent infliction of emotional and physical distress, libel, slander, fraud, and negligence. (*Id*. at 2–3).

---

[1] Pathetical citations refer to the court's docket.

1

On July 10, 2012, Plaintiffs filed their first amended complaint, which *inter alia* improperly named Valley Health Systems, LLC as a defendant to this action. (*See* Opp'n (#90) at 2:17–18). Consequently, on September 4, 2012, Plaintiffs filed a motion for leave to file a second amended complaint (#27). On December 10, 2012, the Honorable Philip M. Pro heard oral arguments on Plaintiffs' motion for leave. (Mins. Proceedings #57). On January 3, 2013, the court issued an order denying Plaintiffs' motion to amend their complaint. (Order (#59) at 22, 28). The court denied Plaintiffs' motion under Rule 15 and held that "[a]llowing Plaintiffs to proceed with the proposed Second Amended Complaint would be futile and would result in prejudice to Defendants." (*Id*. at 23:22–23).

Nonetheless, the court exercised its inherent judicial discretion, *see, e.g*., *Adams v. California Dept. of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007), and permitted Plaintiffs to file a second amended complaint, provided that Plaintiffs: (1) followed the court's step-by-step procedure to cure the complaint's deficiencies and (2) filed the complaint by February 1, 2013. (*Id*. at 28). Judge Pro stated that Plaintiffs' "[f]ailure to comply with this Order will result in dismissal, with prejudice, of the claims Plaintiffs are permitted to amend." (*Id*.) Additionally, in order to assist Plaintiffs with their amendment, Judge Pro directed Plaintiffs to the Legal Aid Center of Southern Nevada, the Nevada Disability Advocacy and Law Center, and the American Civil Liberties Union of Nevada in order to secure counsel. (*Id*. at 26:17–19).

Plaintiffs failed to comply with Judge Pro's order. Instead, on February 4, 2013, Plaintiffs filed a motion (#66) to extend time to file their amendment complaint, which Judge Pro denied. (Order (#68) at 1–2).

On February 22, 2013, Plaintiffs filed a motion (#71) for reconsideration, asking the court a second time to permit Plaintiffs to file their Second Amended Complaint. Again, the court denied Plaintiffs' request (#74).

On March 27, 2013, Plaintiffs filed an objection (#75) to the court's order denying Plaintiffs' motion for reconsideration. The court denied Plaintiffs' objections (#80).

Undeterred, Plaintiffs appealed to the Ninth Circuit on May 3, 2013 (#81). The Ninth Circuit dismissed Plaintiffs' interlocutory appeal for lack of jurisdiction (#85).

Subsequently, on September 19, 2013, Plaintiffs filed the instant motion (#89), which again moves the court to permit Plaintiffs to file their Second Amended Complaint.

## DISCUSSION

Plaintiffs' motion for leave to file a second amended complaint (#89) is denied. Federal Rule of Civil Procedure 15(a) provides that, once a responsive pleading has been served, a party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), the court's discretion to deny such leave is "particularly broad" where—as here—the plaintiff has previously amended its complaint. *Ecological Rights Found. v. Pac. Gas & Elec. Co*., 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp*., 358 F.3d 616, 622 (9th Cir. 2004)). Moreover, the Ninth Circuit has held that the "crucial factor" in determining whether amendment should be granted is whether the allowing amendment would "prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1189 (9th Cir. 1973). Indeed, prejudice is the touchstone of the inquiry under Rule 15(a). *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003).

On January 3, 2013, Judge Pro reviewed the second amended complaint, which Plaintiffs now move the court to file. (*See* Order (#59) at 22, 28). After reviewing the complaint, Judge Pro held that "[a]llowing Plaintiffs to proceed with the proposed Second Amended Complaint would be futile and would result in prejudice to Defendants." (*Id*. at 23:22–23). The court agrees with Judge Pro's

3

conclusion. Moreover, in light of the carefully crafted instructions that Judge Pro included in his January 3, 2013 order, the court is not inclined permit Plaintiffs to have a sixth bite at the proverbial apple. Judge Pro told Plaintiffs which claims need to be cured, how the claims could be cured, and when the claims needed to be cured by. (*See id*.)

Plaintiffs, however, disregarded the court's order. Instead, Plaintiffs filed a series of motions. They requested an extension of time and reconsideration of previous orders. Plaintiffs also filed objections and appealed the court's order to the Ninth Circuit. Each of these requests for relief were denied. The instant motion marks the sixth time that Plaintiffs have moved the court to file its second amended complaint. In light of the facts that (1) the court has addressed this matter five times before and (2) Plaintiffs three-page motion is substantially identical to its previous motions, the court denies Plaintiffs' request.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff Elaine Cunningham-Dirks' motion for leave to amend her complaint (#89) is DENIED.

IT IS FURTHER RECOMMEDED that, pursuant to this court's January 3, 2013 order (#59), the following claims are DISMISSED WITH PREJUDICE: (1) false imprisonment; (2) negligent infliction of emotional distress; (3) defamation; (4) fraud; (5) negligence; (6) medical malpractice; (7) all claims against the State of Nevada; and (8) any 42 U.S.C. § 1983 claims against American Medical that relate to the Fourth, Fifth, Eighth, and Fourteen Amendments. (*See* Order (#59) at 23–26) (identifying the claims that are recommended for dismissal).

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that

4

the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

    IT IS SO ORDERED.

    DATED this 4th day of November, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE